PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JENNIFER LEUTHOLD, | ) |
|     Plaintiff, | ) CASE NO. 1:17CV2072 |
| v. | ) JUDGE BENITA Y. PEARSON |
| EQUIFAX INFORMATION SERVICE LLC, *et al.*, | ) |
|     Defendant. | ) **MEMORANDUM OF OPINION AND ORDER** |

On October 3, 2017, Defendant Equifax Information Service, LLC removed this action from the Crawford County, Ohio Municipal Court. ECF No. 1. Since that date, Equifax Information Service LLC along with another Defendant, Debt Recovery Solutions of Ohio, have settled their disputes with Plaintiff Jennifer Leuthold. *See* ECF Nos. 14 and 17. This has left one Defendant: Halls Plumbing, Heating, and Air Conditioning, Inc. Two claims remain, both of which are state law claims: (1) a claim against Halls Plumbing, Heating, and Air Conditioning, Inc. for libel and (2) a counterclaim against Plaintiff for breach of contract. For the reasons that follow, the Court remands the case to the Crawford County Municipal Court.

When considering whether to exercise supplemental, or pendent, jurisdiction over state law claims, the Court

> should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues. The court also may consider whether the plaintiff has used manipulative

> tactics to defeat removal and secure a state forum, such as simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case.

Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 211 (6th Cir. 2004) (internal quotation marks and citations omitted); *see also* Gamel v. City of Cincinnati, 625 F.3d 949, 952 (6th Cir. 2010). ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.") (internal quotation marks and citation omitted).

The Court finds that, balancing the interests described above, needlessly deciding state law issues weighs most heavily against the exercise of jurisdiction. Plaintiff's complaint (ECF No. 1-2) alleges one state law claim against Defendant, and Defendant's counterclaim (ECF No. 4-1) alleges one state law claim. The Court finds that Crawford County Municipal Court can capably adjudicate both of these claims. As this case is in its early stages, the exercise of supplemental jurisdiction is not necessary to avoid the multiplicity of litigation. The Court does not discern any manipulative tactics on Plaintiff's part to defeat jurisdiction.

Therefore, the Court, in its discretion, declines to exercise supplemental jurisdiction over the remaining state law claim and counterclaim. These state law claims, therefore, are dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim . . . [if it] has dismissed all claims over which it has original jurisdiction."); Holson v. Good, 579 F.App'x 363 (6th Cir. 2014) (holding that it is within district court's discretion to remand state law claims after all it has dismissed all federal

(1:17CV2072)

law claims). Accordingly, it is appropriate for the Court to remand the case to the Crawford County, Ohio Municipal Court.

A separate Order of Remand will issue.


IT IS SO ORDERED.


 November 15, 2017          */s/ Benita Y. Pearson*
Date         Benita Y. Pearson
        United States District Judge